IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-665-SDJ-KPJ |
| § | |
| TRANSUNION, LLC, *et al.*, § | |
| § | |
| Defendant. § | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART THE
REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 30, 2021, the Magistrate Judge entered her proposed findings of fact and recommendations on Defendant Navient Solutions, LLC's ("Navient") Motion to Join and Supplement Co-Defendants' Motion for Judgment on the Pleadings, (Dkt. #43), which recommended such motion should be granted in part and denied in part, (Dkt. #78), (the "Report").

Having received the Report of the United States Magistrate Judge, and no timely objections being filed,[1] the Court is of the opinion that the Magistrate Judge's Report should be **ADOPTED in part** and **MODIFIED in part**.

---

[1] The deadline to file objections to the Report was September 13, 2021. On September 16, 2021, Plaintiff filed his objection. (Dkt. #81). Because Plaintiff failed to timely file his objection, the Court did not consider it. *See* 28 U.S.C. § 636; *Martin v. City of Temple*, No.6:17-CV-211-RP, 2018 WL 3340579, at *1 (W.D. Tex. July 6, 2018) (declining to consider pro se plaintiff's untimely objections when "Plaintiff was informed of the deadline to file his objections[,] but nevertheless failed to meet it.").

1

# I. Discussion

The Second Report is adopted except to the extent it recommends the Court deny judgment on the pleadings with respect to Plaintiff Sean Owens's FCRA claim under 15 U.S.C. § 1681s-2(b). It appears from the face of Owens's Second Amended Complaint that he has failed to sufficiently allege that Navient was under a duty to investigate under Section 1681s-2(b). Accordingly, the Court concludes judgment on the pleadings should be grated as to this claim but denied as to Navient's request that this claim be dismissed with prejudice.

As the Report correctly notes, a motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The complaint need not lay out its factual allegations in significant detail, but it must be enough that, when accepted as true, the allegations suggest that the plaintiff's right to recovery is more than just speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, Owens's allegations "must be enough to raise [his] right to relief above the speculative level," which requires specifically alleging facts supporting each element of his claim. *Twombly*, 550 U.S. at 555.

To state a claim against Navient for a violation of Section 1681s-2(b), Owens must sufficiently allege, among other things, that the Credit Bureaus contacted Navient about Owens's dispute. *See* 15 U.S.C. § 1681s-2(b) (stating that a furnisher of information has an obligation to investigate "after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency . . . ."); 15 U.S.C. § 1681(i)(2)(2) (stating that a consumer reporting agency shall provide notice to any person who provided any item of information in dispute). As the court explained in *Burress v. Chase Card*, "no duty on the part of a furnisher of information (like Defendant) arises unless a consumer reporting agency has notified it of some disputed information in the credit report." No. 3:19-cv-1198, 2020 WL 1216703, at *6 (N.D. Tex. Feb. 18, 2020) *report and recommendation adopted*, 2020 WL 1187175 (N.D. Tex. Mar. 11, 2020). Accordingly, Owens must sufficiently allege that the Credit Bureaus notified Navient of the disputed information in order to plausibly state a claim against Navient under Section 1681s-2b. *See id.* (granting defendant's motion to dismiss plaintiff's Section 1681s-2(b) claim when plaintiff failed to allege that the credit bureaus notified the defendant of the credit dispute).

Owens alleges that he submitted multiple disputes to the Credit Bureaus regarding the accuracy of the student loan accounts being reported for Navient. *See* (Dkt. #11 ¶¶ 16–21). However, the Second Amended Complaint is devoid of any allegation that the Credit Bureaus contacted Navient regarding Owens's dispute as required to state a claim under Section 1681s-2(b). *See Burress*, No. 3:19-cv-1198,

2020 WL 1216703, at *6; *Henry v. Capital One Bank*, No. 3:17-cv-2962, 2018 WL 4346727, at *2 (N.D. Tex. Aug. 9, 2018) (granting defendants' motion to dismiss plaintiff's Section 1681s-2(b) claim when plaintiff alleged that he notified credit reporting agencies of a dispute, but he failed to allege that they notified the defendants) *report and recommendation adopted*, 2020 WL 4335834 (N.D. Tex. Sept. 11, 2018).

In reaching the opposite conclusion, the Report incorrectly notes that Owens "alleges TransUnion 'verified' the [Navient] information." *See* (Dkt. #78 at 9). However, Owens's "verification" allegation does not concern Navient. (Dkt. #11 ¶ 20). Instead, Owens alleges that he filed a dispute with TransUnion on November 25, 2019. (Dkt. #11 ¶ 20). In response to this dispute, TransUnion "verified the information *related to MGA*." (Dkt. #11 ¶ 20) (emphasis added). "MGA" is the Michigan Guaranty Agency, a separate defendant in this case. (Dkt. #11 ¶ 20). Owens does not allege that TransUnion verified any information related to Navient. (Dkt. #11 ¶ 20). Instead, TransUnion's response to this dispute regarding Navient was that "they had deleted the disputed items related to the Navient accounts." (Dkt. #11 ¶ 20). Although it is possible that TransUnion contacted Navient, Owens has not affirmatively alleged that such a communication occurred, and his reference to a "verification" concerns MGA, not Navient. Because Owens has failed to allege this necessary element to his Section 1681s-2(b) claim, judgment on the pleadings is appropriate.

## II. CONCLUSION

It is, therefore, **ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. #78), should be and is hereby **ADOPTED in part** and **MODIFIED in part**. The Court adopts the following findings and conclusions:

- The Court adopts the magistrate's conclusion that judgment on the pleadings should be granted as to Owens's claims against Navient asserted under 15 U.S.C. §§ 1681c(a)(4), 1681c(a)(5), 1681e(b), 1681i(a)(1)(A), 1681s-2(a)(1), 1681s-2(a)(2), 1692c, 1692d, and 1692e, and 18 U.S.C. §§ 1038 and 1041.

The Court modifies the following findings and conclusions:

- The Court finds that Owens has failed to adequately allege a claim under 15 U.S.C. § 1681s-2(b) against Navient, and judgment on the pleadings should be granted as to this claim but denied as to Navient's request that the claim be dismissed with prejudice.

It is, therefore, **ORDERED** that Defendant Navient Solutions, LLC's Motion to Join and Supplement Co-Defendants' Motion for Judgment on the Pleadings, (Dkt. #43), is **GRANTED in part** and **DENIED in part**, and that Owens's claims against Navient asserted under 15 U.S.C. §§ 1681c(a)(4), 1681c(a)(5), 1681e(b), 1681i(a)(1)(A), 1681s-2(a)(1), 1681s-2(a)(2), 1692c, 1692d, and 1692e, and 18 U.S.C. §§ 1038 and 1041 are hereby **DISMISSED with prejudice**. Owens's claims asserted under 15 U.S.C. § 1681s-2(b) are hereby **DISMISSED without prejudice**.

It is further **ORDERED** that Owens has **fourteen days** from the date of this order to amend his complaint as to the claim made under 15 U.S.C. § 1681s-2(b) against Navient.

**So ORDERED and SIGNED this 29th day of September, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE