# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS | § |
| | § |
| v. | §　　NO. 4:20-CV-00665-SDJ-BD |
| | § |
| TRANSUNION, LLC *et al.* | § |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Sean Owens filed a motion to transfer venue to the Central District of California. Dkt. 188. The defendants filed a response. Dkt. 192. The motion will be denied.

## BACKGROUND

Owens initially filed this suit in the Eastern District of Texas. Dkt. 1. After several amendments, the operative complaint alleges that venue in the Eastern District is proper because "a substantial part of the events giving rise to this claim occurred within [the Eastern District,] Defendants conduct business within the state of Texas, and the Plaintiff is a citizen within the jurisdiction of" this court. Dkt. 120 at 2. Owens now moves to transfer the case to the Central District of California because it is "more convenient for the parties and witnesses and because it has a greater connection than the Eastern District to Plaintiff's claims." Dkt. 188 at 2.

## LAW

A district court may transfer a case, upon a motion, "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Determining whether the case could have been brought in the transferee district is a threshold inquiry, *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), governed by 28 U.S.C. § 1391(b), which provides that

> a civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If a movant establishes that the transferee venue fits one of those descriptions, the court will consider whether transfer is appropriate under 28 U.S.C. § 1404(a) by weighing several private- and public-interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private-interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public-interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* That list of factors is neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

## DISCUSSION

The court first considers whether Owens's motion to transfer venue shows that he could have brought his case in the Central District of California. Because the motion fails to clear that threshold, the requested transfer is improper, and the court need not weigh the private- and public-interest factors.

### I. Availability of the Requested District

Owens asserts that venue is proper in the Central District of California because a substantial part of the events giving rise to his claims occurred "through use of the instrumentalities of

interstate commerce and/or the mails," Dkt. 188 at 3, and because at least one defendant, Experian, is a California resident.

The defendants argue that Owens's suit could not have been brought in California because not all defendants are California residents, a substantial part of the events giving rise to Owens's claims occurred outside of California, and the Eastern District of Texas is an appropriate venue.

Owens's motion fails to show that his case could have been brought in the Central District of California under any of the three prongs of § 1391(b).

### A.  § 1391(b)(1)

The first prong of the general venue statute focuses on the residency of the defendants. Venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. 28 U.S.C. § 1391(b)(1). For venue purposes, a defendant entity resides in any judicial district in which that defendant is subject to the court's personal jurisdiction with respect to the civil action in question. *Id.* § 1391(c)(2). To determine whether it has personal jurisdiction over a defendant, the court conducts a two-step inquiry. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). *First*, it determines whether the forum State's long-arm statute confers personal jurisdiction over the defendant. *Id. Second*, it considers whether the exercise of jurisdiction is consistent with due process. *Id.*

Owens's motion argues that § 1391(b)(1) is satisfied because at least one defendant, Experian, is a resident of California and conducts business in that State. But Experian's residency satisfies only part of § 1391(b)(1), which permits transfer only if all defendants are residents of the same State. The operative complaint does not allege that any defendant is a California resident, the motion argues only Experian's residency, and the other four defendants assert that they are not California residents. Nor does the motion attempt to argue that California's long-arm statute confers personal jurisdiction over the non-resident defendants or that the exercise of personal jurisdiction by the Central District of California comports with due process.

3

### B. § 1391(b)(2)

The second prong of the general venue statue addresses the location of the alleged events. Venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2).

Owens argues that § 1391(b)(2) does not apply because there is no "physical manifestation" of the events that give rise to his claim and because there is no property involved. Dkt. 188 at 5. The defendants argue that subsection (b)(2) does not authorize venue in California because Owens pleaded that his contacts with the defendants occurred in Texas, Tennessee, Indiana, and Michigan, and that he suffered harm in Texas. Dkt. 192 at 6.

The operative complaint alleges that venue is proper in the Eastern District of Texas because "a substantial part of the events giving rise to th[e] claim occurred" here. Dkt. 120 at 2. Because there is no property at issue and Owens's motion makes no attempt to show that a substantial part of the events giving rise to his claim occurred in California, Owens cannot demonstrate that this suit could have been brought in the Central District of California under § 1391(b)(2).

### C. § 1391(b)(3)

If there is no district in which an action may otherwise be brought under the first two prongs of the statute, a party may rely on § 1391(b)(3) as a fallback. Under that provision, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Owens's motion argues that venue is proper in the Central District of California pursuant to § 1391(b)(3), which he describes as a "catch-all" provision, because at least one defendant is a California resident and thus subject to that district's personal jurisdiction. The defendants argue that subsection (b)(3) does not apply because Owens has demonstrated that the Eastern District of Texas is a proper venue because a substantial part of the events giving rise to his claims occurred here.

4

The defendants are correct; Owens's reliance on subsection (b)(3) is misplaced. That subsection applies only if the party seeking transfer shows that "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Venue is proper in the Eastern District of Texas under § 1391(b)(2), as Owens admitted in his operative complaint, Dkt. 120 at 2, and concedes in his motion to transfer, Dkt. 188 at 1. By virtue of its opening clause, subsection (b)(3) does not apply.

## II. Public- and Private-Interest Factors

Owens dedicates his motion largely to applying the public- and private-interest factors to show that a transfer of venue is warranted under 28 U.S.C. § 1404(a). But because the motion fails to make the threshold showing that the suit could have been brought in the Central District of California, transfer is inappropriate, and there is no occasion to consider whether those factors weigh in favor of transfer.

## CONCLUSION

It is **ORDERED** that the motion to transfer venue, Dkt. 188, is **DENIED**.

So **ORDERED** and **SIGNED** this 2nd day of December, 2024.

_____
Bill Davis
United States Magistrate Judge