IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SEAN OWENS | § | |
| | § | |
| v. | § | NO. 4:20-CV-00665-SDJ-BD |
| | § | |
| TRANSUNION, LLC *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Sean Owens sued (1) TransUnion, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc. (three credit-reporting agencies); and (2) Navient Solutions, LLC; and Educational Credit Management Corporation (two loan servicers). Dkt. 120 (operative fourth amended complaint). In January 2024, Owens filed a motion to recuse the presiding district and magistrate judges. Dkt. 210. The motion will be denied.

## LAW

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144 and 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quotation marks omitted). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.

§ 455. The decision whether to recuse under § 455 is committed to the sound discretion of the court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (mem.) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2. Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires the court to consider "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In considering a party's request for recusal, the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980); *see also Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (noting that "the statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice").

**DISCUSSION**

When Owens filed his motion, United States Magistrate Judge Kimberly Priest Johnson was presiding over the case. Judge Johnson has since left the bench, and this case has been referred to me. *See* Docket Entry for Sept. 3, 2024; Gen. Order 24-06. The motion is now moot to the extent that it seeks to remove Judge Johnson from the case. The court will consider the motion only as it pertains to Judge Sean D. Jordan, who still presides. *See* Dkt. 2.

Owens argues that recusal is warranted for two reasons: *first*, the court has not ruled quickly enough on matters pending before it—in particular, Judge Johnson's report and recommendation recommending the disposition of two motions to dismiss, Dkt. 193; and *second*, Owens's case and the pending motions in it have not been listed on the Civil Justice Reform Act (CJRA) reports. Owens's motion includes two attachments: a signed declaration stating his knowledge of the delay and failure to report, and a copy of the CJRA reports.

The court stayed discovery pending resolution of three motions. Dkt. 163. Judge Johnson entered a report and recommendation, Dkt. 193, recommending disposition of two of those motions. Judge Jordan adopted that report and recommendation, rendering the remaining motion moot. Dkt. 211; *see* Dkt. 216. Although resolution of those motions took, as Owens notes, longer than average, he offers no reason to think that the delay was caused by personal bias or impartiality on the part of Judge Jordan. Owens's "speculation based on incomplete information" cannot support a recusal motion. *Shugart*, 2018 WL 647769, at *2. And as the Fifth Circuit noted in denying his mandamus petition, "there has been no persistent and unreasonable failure to adjudicate Owens's case"; the "case is under active consideration, is proceeding normally, and will be decided in due course." Dkt. 212 at 3.

Owens also argues that the absence of this case and its pending motions from the CJRA reports demonstrates the district judge's "judicial misconduct." Dkt. 210 at 6. The CJRA, 28 U.S.C. § 471 *et seq.*, requires the judiciary to publish, at regular intervals, lists of (1) motions that are ripe for disposition and have been pending for at least six months and (2) cases that remain open after more than three years, *id.* § 476. Owens notes that the motions in his case did not appear on the six-

3

month lists published in March or September 2023 and that his case did not appear on the three-year list published in September 2023. Dkt. 210 at 4. Again, Owens can only speculate about the reasons why his case did not appear on those reports. Such speculation does not support a finding of impartiality or bias to support recusal.

Owens argues generally that his case is "non-complex" and should have been resolved sooner. Dkt. 210 at 6. He further argues that the existence of the stay and the overall delay demonstrate the bias or impartiality of the judge in favor of the defendants. But a delay in ruling can just as easily benefit the plaintiff. Whether speedy or slow, court orders sometimes reject plaintiffs' assertions, as they have in this case. *See* Dkts. 20 (denying Owens's motion to file electronically), 84 (granting in part the defendants' motion for judgment on the pleadings), 85 (granting in part the defendants' motion for judgment on the pleadings), 87 (granting defendant MGA's motion for judgment on the pleadings), 91 (denying Owens's motion for reconsideration), 211 (granting in part the defendants' motions to dismiss).

Owens's motion cannot support recusal under § 144 because the affidavit does not establish facts that would convince a reasonable person that the judge has a bias that is personal, not judicial, in nature. And the motion cannot support recusal under § 455 because it does not demonstrate facts that would lead a reasonable observer to question the district judge's impartiality.

It is **ORDERED** that the motion for recusal, Dkt. 210, is **DENIED.**

So **ORDERED** and **SIGNED** this 3rd day of December, 2024.

_____
Bill Davis
United States Magistrate Judge