IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SEAN OWENS | § | |
| | § | |
| v. | § | NO. 4:20-CV-00665-SDJ-BD |
| | § | |
| TRANSUNION, LLC, *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

 The defendants jointly moved for a protective order, Dkt. 245, which plaintiff Sean Owens opposed, Dkt. 248. The court will require supplementation of the motion before ruling on it.

 Federal Rule of Civil Procedure 26(c)(1) allows the court to enter a protective order "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking protection bears the burden to show good cause by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). That burden may be met with affidavits or other evidence. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Good cause may be shown by "a clearly defined and serious injury to the party" resisting disclosure. *Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-CV-00490, 2008 WL 11346472, at *2 (E.D. Tex. Aug. 18, 2008). To determine whether good cause justifies a protective order, the court must weigh the hardship to the party from whom discovery is sought against the probative value of the information to the party seeking it. *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). The court may also add relevant public interests to the balance. *Id.*

 The defendants argue that "the nature of this action necessarily involves . . . trade secrets and other confidential business information." Dkt. 245 at 1. Despite Owens's opposition, the motion also argues that his "privacy and confidentiality concerns could be resolved by" the requested protective order. *Id.* at 4. In his response, Owens argues that redaction could adequately protect sensitive information produced in discovery. He also seems to believe that, if it is entered, the

proposed protective order would relieve the defendants of their obligation to produce the requested discovery materials.

Unaccompanied by affidavits or other evidence, the defendants' motion does not make a sufficiently particular and specific demonstration of fact showing good cause to enter the requested protective order. The defendants, however, requested the opportunity to supplement their motion with the required evidence. Dkt. 245 at 5. The court will grant them leave to do so.

To the extent Owens believes that entry of the proposed protective order would allow the defendants to withhold documents properly requested in discovery, he is mistaken. When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit without infringing on the right of any party to the lawsuit to review documents exchanged in discovery that are relevant to a party's claim or defense. That is what the proposed order would do.

* * *

It is **ORDERED** that, within ten days, the defendants supplement their motion for a protective order, Dkt. 245, with evidence sufficient to demonstrate good cause and with a proposed protective order that conforms to the guidelines, including the prohibition of footnotes, stated at the "Judge-Specific Information" tab of https://txed.uscourts.gov/?q=judge/magistrate-judge-bill-davis.

So **ORDERED** and **SIGNED** this 21st day of May, 2025.

_____
Bill Davis
United States Magistrate Judge