IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS § | |
| § | |
| v.  § | NO. 4:20-CV-00665-SDJ-BD |
| § | |
| TRANSUNION, LLC *et al.* § | |

**MEMORANDUM OPINION AND ORDER**

The defendants jointly moved for a protective order, Dkt. 245, which plaintiff Sean Owens opposed, Dkt. 248. The court ordered the defendants to supplement the motion, Dkt. 249, and they did, *see* Dkts. 253 (ECMC's supplement), 254 (Trans Union's supplement), 255 (Equifax's supplement), 256 (Navient Solutions's supplement), 257 (Experian's supplement). The court will grant the requested protective order.

Federal Rule of Civil Procedure 26(c)(1) allows the court to enter a protective order "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking protection bears the burden to show good cause by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). That burden may be met with affidavits or other evidence. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Good cause may be shown by "a clearly defined and serious injury to the party" resisting disclosure. *Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-CV-00490, 2008 WL 11346472, at *2 (E.D. Tex. Aug. 18, 2008). To determine whether good cause justifies a protective order, the court must weigh the hardship to the party from whom discovery is sought against the probative value of the information to the party seeking it. *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). The court may also add relevant public interests to the balance. *Id.*

The defendants submitted sworn declarations of employees with personal knowledge of their internal systems. Dkts. 253-2, 254-1, 255-1, 256-1, 257-1. Those statements describe the time and money the defendants have invested in their internal systems and the risk of harm to their

businesses that would arise if the information requested in discovery were disclosed to competitors. Experian describes the risk that information requested in discovery could be used by unscrupulous borrowers to manipulate the data that appears on their credit reports, which could lead to lenders making loans to unqualified borrowers. Dkt. 257-1 at 6. Experian and Equifax both note that public disclosure of their internal logs requested in discovery could be used by identity thieves to access personal information. Dkts. 255-1 at 3, 257-1 at 6–7. The defendants also detail the privacy protections that they implement to prevent public disclosure of their internal systems, including employee training on confidentiality, password protection, and other means of restricted access. *See, e.g.*, Dkt. 254-1 at 2–3. Those concerns demonstrate good cause to enter a protective order.

It is **ORDERED** that the motion for a protective order, Dkt. 245, is **GRANTED**. The court will enter the protective order separately.

So **ORDERED** and **SIGNED** this 3rd day of June, 2025.

_____
Bill Davis
United States Magistrate Judge