# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS | § |
| | § |
| v. | § NO. 4:20-CV-00665-SDJ-BD |
| | § |
| TRANSUNION, LLC *et al.* | § |

## MEMORANDUM OPINION AND ORDER

Defendant Navient Solutions, LLC, moved for leave to file its untimely answer to plaintiff Sean Owens's fourth amended complaint. Dkt. 226; *see* Dkt. 233 (Owens's response). Owens moved to strike Navient's answer. Dkts. 219 (original motion), 225 (amended motion); *see* Dkts. 227 (Navient's response), 231 (Owens's reply). The court will grant leave to file the answer and deny the motions to strike it.

When a party asks to extend a deadline before it has passed, the court may do so for "good cause." Fed. R. Civ. P. 6(b)(1). But when a party asks to extend a deadline after it has expired, the party must show not only good cause, but also that it "failed to act because of excusable neglect." *Id.* R. 6(b)(1)(B); *see Graham v. HRchitect, Inc.*, No. 4:16-CV-743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017). To determine whether an extension is justified by excusable neglect, the court considers four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." *Graham*, 2017 WL 3216609, at *1.

The court stayed discovery pending resolution of several motions, including Navient's pre-answer motion to dismiss Owens's fourth amended complaint. Dkt. 163. The court later ruled on those motions, granting in part and denying in part Navient's motion to dismiss. Dkt. 211. Navient's answer was due 14 days after the court ruled on the motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4). Several months later, the court lifted the stay, Dkt. 216, and Navient filed an answer, Dkt. 218.

Navient argues that its untimely answer should be accepted because its counsel thought that the stay paused all of its litigation obligations, not just discovery. Dkt. 226 at 3. Navient further argues that Owens will not be prejudiced by the late answer because it asserts substantially the same denials and defenses that Navient included in two previous answers, *see* Dkts. 32, 36, and because the delay had no impact on the proceedings. Navient also asserts that its delay was not intentional and that it has acted in good faith. Dkt. 226 at 5–6.

Owens asks the court to strike the untimely answer because, in his view, Navient did not show that its delay was attributable to excusable neglect. He insinuates that it is "highly *implausible*" that Navient's counsel mistook the nature of the stay. Dkt. 233 at 1. And he argues that he has been prejudiced by Navient's delay because his case has been ongoing for more than four years. *Id.* at 2.

Navient has shown that its delay was the result of excusable neglect. As Owens notes in another motion filed on the same day as his amended motion to strike Navient's answer, excusable errors have happened "[d]ue to the extensive list of docket entries (i.e., 218+) related to this matter, the length of time that this case has been pending on the court's docket, and the inactivity on this case." Dkt. 224 at 1. And the prejudice that Owens argues he has experienced was not caused by Navient's delay. He points to "excessive motion filings" that have dragged out his case, Dkt. 233 at 2, but he and the other defendants—not just Navient—have all filed numerous motions. He also complains that the court's "biased, inefficient systems," "gross mismanagement," and "incorrect decisions that have been made as a matter of law" have prejudiced him. *Id.* at 2–3. None of those factors weighs against Navient.

It is **ORDERED** that Navient's motion for leave to file its answer, Dkt. 226, is **GRANTED** and Navient's answer, Dkt. 218, is timely filed.

It is further **ORDERED** that Owens's motions to strike, Dkts. 219, 225, are **DENIED**.

So **ORDERED** and **SIGNED** this 4th day of June, 2025.

_____
Bill Davis
United States Magistrate Judge