# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **SEAN OWENS** | § |
| | § |
| v. | §    NO. 4:20-CV-00665-SDJ-BD |
| | § |
| **TRANSUNION, LLC,** *et al.* | § |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Sean Owens filed a motion for recusal. Dkt. 276; *see* Dkt. 282 (defendants' response), 283 (reply). The motion will be denied.

## LAW

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144 and 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quotation marks omitted). Bias or prejudice that requires recusal is one that is "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). Thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A legally sufficient affidavit to support a § 144 motion must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). The affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," and "[a] party may file only one such affidavit in any

case." 28 U.S.C. § 144. If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (mem.) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that courts "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2. Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires the court to consider "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In considering a party's request for recusal, the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980). "[T]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000).

## DISCUSSION

### I. Target of the Motion

Owens's motion asks for "the recusal of the presiding judicial officer." Dkt. 276 at 1. Two judges preside over this case: United States District Judge Sean D. Jordan and myself. *See* Dkt. 2; Docket Entry for Sept. 3, 2024. The motion argues that two of my orders, Dkts. 270, 273, show that the court is biased. Dkt. 276 at 2. Owens's reply in support of his motion points to an order signed by Judge Jordan, Dkt. 279, as further evidence of bias, Dkt. 283 at 4. Neither the motion nor the reply identifies by name which judge Owens seeks to recuse. Because the motion itself challenges only my orders, it will be treated as seeking my recusal.

### II. Section 144's Certification Requirement

The defendants argue that Owens's motion does not satisfy § 144's requirement that the affidavit be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Owens is not represented by counsel. Although other courts have denied pro se recusal motions for lack of a certificate of counsel of record, *see, e.g.*, *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996), the Fifth Circuit has not done so and has suggested that a pro se litigant's certificate might suffice, *see Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 F. App'x 314, 316 (5th Cir. 2008); *see also Stine v. United States*, Nos. V-06-21, V-03-44-2, 2008 WL 4899544, at *4 (S.D. Tex. Nov. 7, 2008) (discussing various applications of the certification requirement and concluding that a pro se litigant must certify that a § 144 motion is made in good faith). Because the motion can be decided on other grounds, the court need not decide whether Owens's pro se motion meets the certification requirement of § 144.

### III. Basis for Requested Recusal

Owens's motion cannot support recusal under § 144 because it does not establish facts that would convince a reasonable person of a bias that is personal, rather than judicial, in nature. And it cannot support recusal under § 455 because it does not demonstrate facts that would lead a reasonable observer to question my impartiality.

Owens's motion for recusal argues that two recent orders demonstrate the court's bias: the court's July 2, 2025, order that Owens and defendant TransUnion confer to discuss their discovery disputes and submit to the court a joint filing describing their disagreement and each party's position, Dkt. 270, and the July 9, 2025, order granting the defendants' joint motion to extend several deadlines, Dkt. 273. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Owens's motion provides no reason to deviate from that general rule.

Owens argues that the first order demonstrates the court's bias because it was entered after an ex parte communication from TransUnion's counsel. But the court expects parties to notify it informally of any discovery disputes before filing motions to compel. *See* Dkts. 92 at 5; 229 at 4. The court also directs parties seeking immediate rulings on discovery disputes to contact its discovery hotline to be connected with the magistrate judge on duty. *See* Dkts. 92 at 5; 229 at 4; Loc. R. CV-26(e).

The court first became aware of a possible discovery dispute in this case on May 29 when the parties called the discovery hotline to seek an immediate ruling on an objection raised during a deposition. Dkt. 252. Owens then filed an unauthorized motion to compel, Dkt. 264; *see* Dkt. 268 (order striking the motion for failure to comply with the court's informal discovery-resolution procedures), and two notices related to discovery disputes, Dkts. 263, 265. Owens called chambers on July 1 to report ongoing disputes with the defendants over discovery and scheduling mediation. Counsel for TransUnion called chambers the following day to report the discovery dispute and request a hearing on the matter. Neither party discussed the substance of those disputes, so there was no improper ex parte communication. *See* Code of Conduct for U.S. Judges, Canon 3(A)(4). The same member of my staff answered both calls and reported the matter to me. I ordered the parties to confer about their discovery dispute and file a joint submission laying out each contested discovery request or response, each party's position and supporting authorities, and a list of agreed-upon dates for a hearing. Dkt. 270. Owens's affidavit attached to his recusal motion, Dkt. 276 at 5–6, suggests that he did not understand that order because he objected to

4

TransUnion's attempts to timely confer and prepare the joint submission. Nothing in that order suggests a bias against Owens or would give an objective observer reason to doubt the court's impartiality.

Owens argues that the order extending deadlines shows the court's bias because the order "ignored [his] timely opposition and failed to apply binding legal standards." Dkt. 276 at 2. On the contrary, the court acknowledged Owens's response in opposition, summarized his argument, and applied the good-cause standard for extensions of deadlines set in a scheduling order. Dkt. 273. Although the court decided against Owens, nothing in the court's order suggests the existence of a bias against him or would give an objective observer reason to doubt the court's impartiality.

## CONCLUSION

It is **ORDERED** that the motion for recusal, Dkt. 276, is **DENIED**.

So **ORDERED** and **SIGNED** this 31st day of July, 2025.

_____

Bill Davis
United States Magistrate Judge