## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **SEAN V OWENS** | § | |
| | § | |
| **v.** | § | **NO. 4:20-CV-00665-SDJ-BD** |
| | § | |
| **TRANSUNION, LLC,** *et al.* | § | |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Sean Owens moved for my recusal. Dkt. 384; *see* Dkt. 391 (supplement). The motion will be denied.

### BACKGROUND

This is Owens's third recusal motion. *See* Dkts. 210 (seeking recusal of Judge Jordan and Judge Johnson), 276 (seeking recusal of "the presiding judicial officer," construed to me be, *see* Dkt. 284), 384 (seeking my recusal); *see also* Dkt. 385 (subsequent motion seeking recusal of Judge Jordan). The first, ruled on after the Fifth Circuit denied his petition for a writ of mandamus on the same grounds, Dkt. 212, argued that the court had not ruled on his motions fast enough and that his motions had not appeared on the Criminal Justice Reform Act ("CJRA") lists, Dkt. 210. The court agreed with the Fifth Circuit that "there ha[d] been no persistent and unreasonable failure to adjudicate Owens's case" and noted that Owens can only speculate as to why his motions had not appeared on CJRA lists. Dkt. 217 (quoting Dkt. 212). Owens's arguments leading to those findings did not show bias.

Owens's second motion for recusal argued that an order requiring Owens to confer with defendant Trans Union regarding a discovery dispute and other orders extending certain deadlines demonstrated bias. Dkt. 276. The court denied that motion because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Dkt. 284 (alteration omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

Owens's latest motions to recuse Judge Jordan and me came after the court ordered Owens to appear and show cause why he should not be sanctioned for violating court orders. Dkt. 343. The docket entries leading up to the show-cause order began with Owens's motion for partial summary judgment, Dkt. 311, which attached exhibits that defendant Navient Solutions, LLC, moved to strike because they were designated as "confidential" under the court's protective order. Dkt. 329. As part of that motion, Navient requested a sanctions award. Because Navient Solutions asserted that it would face irreparable harm if the exhibits remained publicly accessible, the court ordered the exhibits temporarily sealed until Owens could respond. Dkt. 331. After considering the motion, Owens's response, and Navient Solutions' reply, the court determined that sealing was warranted and ordered Owens to appear and show cause why he should not be sanctioned for violating the protective order. Dkt. 343. Owens's recusal motions were filed the Friday before the show-cause hearing. Minute Entry for Jan. 6, 2026.

## LAW

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144 and 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-cv-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quotation marks omitted). A bias or prejudice that requires recusal is one that is "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. Thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A legally sufficient affidavit to support a § 144 motion must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would

convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). The affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," and "[a] party may file only one such affidavit in any case." 28 U.S.C. § 144. If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (mem.) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that courts "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2. Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires the court to consider "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In considering a party's request for recusal, the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th

Cir. 1980). "[T]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000).

## DISCUSSION

Owens brings his motion under § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." He raises 11 points that, in his view, "create the appearance of deep-seated antagonism toward [him] and corresponding favoritism toward [the] Defendants." Dkt. 384 at 2; *see* Dkt. 391. None does.

First, Owens points out that, when Navient Solutions filed its emergency motion to seal the confidential exhibits, the court neither ordered it to confer with him nor struck the motion. Dkt. 384 at 3. Navient Solutions conferred with Owens via email. Dkt. 329-1 at 8–10. Local Rule CV-7(h) requires conference in person or by telephone, not via email, so Navient Solutions should have called Owens. But Owens did not move to strike the motion or request that Navient Solutions be ordered to call him. Instead, he used Local Rule CV-7(h) to argue against the merits of Navient Solutions' motion. Dkt. 338 at 5–6. In any event, as Navient Solutions argued, Owens's responses to its email correspondence indicate that a phone call would have been futile. *See* Dkt. 339 at 3. That point does not demonstrate bias.

Second, Owens notes that the court struck his motion to compel, Dkt. 268, for failing to satisfy meet-and-confer requirements even though Local Rule CV-7(i) exempts pro se plaintiffs from meet-and-confer requirements, Dkt. 384 at 3. That motion was struck for failure to comply with the court's scheduling order, Dkt. 229, which requires litigants to contact the court before filing a motion to compel. *See* Dkt. 268. The Chief Judge of this district has noted that "[t]he Court retains inherent discretion over its docket and the application of its Local Rules." *United States ex rel. Eichner v. Ocwen Loan Servicing, LLC*, 787 F. Supp. 3d 331, 341 (E.D. Tex. 2025). That requirement is routinely included in scheduling orders and is regularly enforced against pro se and represented parties alike. *See, e.g.*, *Evans v. The Home Depot, Inc.*, No. 4:25-cv-00574-ALM-BD

(E.D. Tex. Dec. 12, 2025), Dkt. 17; *Moorehead v. Goodwill Indus. of Ne. Tex.*, No. 4:25-cv-00563-SDJ-BD (E.D. Tex. Oct. 8, 2025), Dkt. 30; *Johnson v. MidFirst Bank*, No. 4:24-cv-00986-SDJ-BD (E.D. Tex. Feb. 19, 2025), Dkt. 16. It does not demonstrate bias.

Third, Owens objects to the court's order temporarily sealing his summary-judgment exhibits. Dkt. 384 at 3. That objection has already been considered and rejected. Dkt. 337 (order overruling Owens's objections to that order).

Fourth, Owens argues that the court's supposed "Advancement of a Sanctions Posture Despite Definitional Impossibility" demonstrates bias. Dkt. 384 at 3–4. He asserts that he did not violate the protective order so cannot be subject to sanctions, an argument he has made elsewhere. *See* Dkts. 335, 338, 341, 369, 377, 383, 413; Minute Entry for Jan. 6, 2026. The court has not yet ruled on Navient Solutions' motion for sanctions, and it will consider Owens's arguments against sanctions in due course. At this point, Owens can only speculate about whether Navient Solutions' motion will be granted. He cannot demonstrate bias by reference to an order the court has not yet issued.

Fifth, Owens argues that the exhibits should not have been sealed because Navient Solutions did not satisfy its sealing burden. Dkt. 384 at 4. The court disagreed. Dkt. 343. A prior adverse ruling is not grounds for recusal. *Plaquemines Par. Sch. Bd. v. United States*, 415 F.2d 817, 825 (5th Cir. 1969).

Sixth, Owens also asserts that the court acted as an advocate on Navient Solutions' behalf. Dkt. 384 at 4. Specifically, he objects that the court characterized Navient Solutions' confidential information as "trade secrets" despite Navient Solutions not using that term. *Id.* True, Navient Solutions did not use the words "trade secrets." But it stated that the exhibits "contain servicing data on a company-developed platform," Dkt. 339 at 2; that it has made "efforts to protect those records, which are not disclosed outside the context of litigation," *id.*; and that disclosure would "risk . . . irreparable harm to [its] competitive interests," Dkt. 329 at 4. It also referred back to its original motion for a protective order, which explained that Navient Solutions had "expended significant funds and resources developing and implementing its proprietary systems to service the

student loans of borrowers like Mr. Owens" and that documents like the exhibits "contain internal servicing data on" those systems that "detail [the] innerworkings of [Navient Solutions'] confidential servicing methods and strategy, including the pace and frequency of its omnichannel communications." Dkt. 256-1 at 1–2. That all reasonably explains why the court used the "trade secrets" description.

Seventh, Owens argues that the court should not have considered arguments that Navient Solutions raised in its reply to the emergency motion. Dkt. 384 at 5. But the court did not rely on new arguments raised for the first time in reply. In its motion, Navient Solutions asserted that disclosure of its confidential information would cause irreparable harm to its competitive interests. Dkt. 329 at 4. In its motion for a protective order, it described what information it considers confidential and why that information cannot properly be disclosed. Dkt. 256-1 at 1–2. Its reply just connected those documents, clarifying that the exhibits reflect the servicing data described in the motion for a protective order. Dkt. 339 at 4. In other words, the argument that the court found dispositive was raised in Navient Solutions' motion.

Eighth, Owens asserts that the court predetermined that he had committed "misconduct" without resolving whether he had violated the protective order. Dkt. 384 at 6. In its order overruling Owens's objections to the temporary sealing order, the court noted that the "order was warranted by Owens's misconduct and failure to comply with a court order." Dkt. 337 at 2. Later, the sealing order determined that Owens had violated the protective order and referred to that violation as "misconduct." Dkt. 343 at 2–3, 5. Owens objects to that language and argues that it was premature because the court had not determined that he had violated the protective order. But it had. It found that, "[b]ecause Owens did not move to seal the confidential exhibits to his motion for partial summary judgment or comply with Part IV of the protective order, he violated the court's order." *Id.* at 3. Violation of a court order is misconduct.

Although the court has determined that Owens violated the protective order, Owens has sought reconsideration of that decision. Dkts. 369, 383; Minute Entry for Jan. 6, 2026. Again, the

court has not yet ruled on Navient Solutions' motion for sanctions, and it will consider Owens's arguments before it does so.

Ninth, Owens asserts that the court should have "vacate[d]" the show-cause hearing, again because Owens claims to have done nothing wrong. Dkt. 384 at 6–7. Far from demonstrating bias, the show-cause hearing was Owens's opportunity to argue in his own defense. The court allowed him a full opportunity to present his position and treated him respectfully throughout the hearing. *See* Minute Entry for Jan. 6, 2026.

Tenth, Owens takes issue with the court's observation of his "history of litigation misconduct." Dkt. 384 at 7. In its sealing order, the court stated that, "[c]onsidering Owens's history of litigation misconduct and lack of justification for violating the protective order, it does not appear that his conduct was substantially justified or that an award of sanctions would be unjust." Dkt. 343 at 5. Owens's history of misconduct is not dispositive of Navient Solutions' sanctions motion, but it is a relevant consideration. *Martin v. Redden*, 34 F.4th 564, 569 (7th Cir. 2022) (holding that sanctions were appropriate because of the plaintiff's behavior and history of litigation misconduct). Merely noting Owens's past behavior does not demonstrate bias.

Finally, Owens points out that Trans Union has not been ordered to show cause why it should not be sanctioned even though it publicly filed the same confidential documents that Owens filed. Dkt. 391; *see* Dkt. 344-8. But unlike as with Owens, no party has moved for sanctions against Trans Union on that ground. If Owens believes Trans Union has engaged in sanctionable conduct, he is free to file a motion seeking sanctions, as he has in the past. *See* Dkts. 168, 336, 377, 378. The court does not predict how it would rule on such a motion. But in the absence of any such motion, Trans Union and Owens are not similarly situated.

Three judges have been involved in this case: Judge Jordan, Judge Johnson, and me. Owens has moved to recuse all three of us, raising the question of whether any judge who could be assigned to this case would face one or more similar motions if he or she did not consistently rule in Owens's favor—or even if Owens just anticipated an adverse ruling.

Most of Owens's arguments for why a reasonable person would question my impartiality amount to disagreements with my orders or orders he assumes I will issue. In fact, most of his motion is directed toward just one order he expects me to issue: a ruling on Navient Solutions' motion for sanctions. It is evident that the overwhelming purpose of Owens's motion is not to cure any perceived bias, but to avoid what he expects to be an adverse outcome. But "seeking to avoid the consequences of an expected adverse decision" is not an adequate basis to compel recusal. *In re Corrugated Container Antitrust Litig.*, 614 F.2d at 966 n.18 (brackets omitted).

## CONCLUSION

It is **ORDERED** that Owens's motion for recusal, Dkt. 384, is **DENIED**.

So **ORDERED** and **SIGNED** this 11th day of February, 2026.

_____
Bill Davis
United States Magistrate Judge