**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SEAN V OWENS** | § | |
| | § | |
| **v.** | § | **NO. 4:20-CV-00665-SDJ-BD** |
| | § | |
| **TRANSUNION, LLC, *et al.*** | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Sean Owens moved to recuse Judge Sean D. Jordan, the presiding district judge. Dkt. 385; *see* Dkt. 392 (supplement). The motion will be denied.

## BACKGROUND

The motion at issue is the latest of four recusal motions Owens has filed in this case alone. *See* Dkts. 210 (seeking recusal of Judge Jordan and former Magistrate Judge Kimberly Priest Johnson), 276 (seeking recusal of "the presiding judicial officer," construed to be me, *see* Dkt. 284), 384 (seeking my recusal), Dkt. 385 (seeking recusal of Judge Jordan). The first, decided after the Fifth Circuit denied his petition for a writ of mandamus on the same grounds, Dkt. 212, argued that the court had not ruled on his motions fast enough and that his motions had not appeared on the Criminal Justice Reform Act ("CJRA") lists, Dkt. 210. The court agreed with the Fifth Circuit that "there ha[d] been no persistent and unreasonable failure to adjudicate Owens's case" and noted that Owens can only speculate as to why his motions had not appeared on CJRA lists. Dkt. 217 at 3 (quoting Dkt. 212 at 3). Owens's arguments leading to those findings did not show bias.

Owens's second motion for recusal argued that an order requiring Owens to confer with defendant TransUnion, LLC, regarding a discovery dispute and other orders extending deadlines demonstrated bias. Dkt. 276. The court denied that motion because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Dkt. 284 at 4 (alteration omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

Owens's latest motions to recuse Judge Jordan and me came after the court ordered Owens to appear and show cause why he should not be sanctioned for violating court orders. Dkt. 343. The docket entries leading up to the show-cause order began with Owens's motion for partial summary judgment, Dkt. 311, which attached exhibits that defendant Navient Solutions, LLC, moved to strike because they were designated as "confidential" under the court's protective order. Dkt. 329. As part of that motion, Navient requested a sanctions award. Because Navient asserted that it would face irreparable harm if the exhibits remained publicly accessible, the court ordered the exhibits temporarily sealed until Owens could respond. Dkt. 331. After considering the motion, Owens's response, and Navient's reply, the court determined that sealing was warranted and ordered Owens to appear and show cause why he should not be sanctioned for violating the protective order. Dkt. 343. Owens's recusal motions were filed the Friday before the show-cause hearing. Minute Entry for Jan. 5, 2026.

**LAW**

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144 and 455.

> Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding.

*Shugart v. Hoover*, No. 4:17-cv-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quotation marks omitted). A bias or prejudice that requires recusal is one that is "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. Thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A legally sufficient affidavit to support a § 144 motion must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is

personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). The affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," and "[a] party may file only one such affidavit in any case." 28 U.S.C. § 144. If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (mem.) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that courts "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2. Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires the court to consider "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In considering a party's request for recusal, the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980). "[T]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000).

## DISCUSSION

Owens brings his motion under § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." He challenges Judge Jordan's order overruling his objections, brought under Federal Rule of Civil Procedure 72(a), to my order temporarily sealing Navient's confidential documents. Dkt. 385 at 2–3; *see* Dkts. 331 (my order), 335 (objections), 337 (Judge Jordan's order). I ordered those documents sealed pending resolution of Navient's motion that showed Owens had filed them publicly and without moving to seal them. Dkt. 329.

Owens uses his recusal motion to argue that Navient's confidential materials should not be sealed and that he should not be sanctioned for filing them publicly. In Owens's view, Judge Jordan's order "create[s] the appearance that [his] positions are being discounted not because they lack legal merit, but because of who is advancing them." Dkt. 385 at 2; *see* Dkt. 392. Owens asserts that Judge Jordan's order "affirm[ed] a sanctions posture" and applied "different procedural standards" to him and to the defendants. Dkt. 385 at 2–3. He also argues that the order improperly characterized a disputed legal issue over the application of the court's protective order as misconduct. *Id.* at 3. Owens further argues that Judge Jordan's order demonstrates bias and antagonism because it did not "engag[e] the cited authority" or "analyz[e] the Protective Order's text." *Id.* at 4.

Judge Jordan's order did not address the propriety of sanctions or apply differing standards to parties based on their identities. Instead, it found that my temporary-sealing order was not clearly erroneous or contrary to law. Dkt. 337 at 2; *see* Fed. R. Civ. P. 72(a). The order recited the relevant authorities governing sealing and pointed out that Owens was not challenging an order granting a sealing motion. Dkt. 337 at 1. It also quoted from the protective order and pointed out that Owens had violated it by filing confidential documents without moving to seal them. *Id.* at 2.

Owens also challenges Judge Jordan's "press[ing] forward with sanctions proceedings" and the order's "persistence in sanctioning" him for the violation of the protective order. Dkt. 385 at 5–6. But he had not been sanctioned for that conduct when Judge Jordan entered the order, and

the order did not impose any sanction. Dkt. 337. Nor did Judge Jordan issue the order that Owens show cause why he should not be sanctioned. *See* Dkt. 343.

Most of Owens's arguments for why a reasonable person would question Judge Jordan's impartiality amount to disagreements with Judge Jordan's refusal to preemptively prevent me from granting Navient's motion for sanctions. It is evident that the overwhelming purpose of Owens's motion is not to cure any perceived bias, but to avoid what he expects to be an adverse outcome. But "seeking to avoid the consequences of an expected adverse decision" is not an adequate basis to compel recusal. *In re Corrugated Container Antitrust Litig.*, 614 F.2d at 966 n.18 (brackets omitted). Three judges have been involved in this case: Judge Jordan, Judge Johnson, and me. Owens has moved to recuse all three of us, raising the question of whether any judge who could be assigned to this case would face one or more similar motions if he or she did not consistently rule in Owens's favor—or even if Owens just anticipated an adverse ruling.

## CONCLUSION

It is **ORDERED** that Owens's motion for recusal, Dkt. 385, is **DENIED**.

So **ORDERED** and **SIGNED** this 9th day of November, 2026.

Bill Davis
United States Magistrate Judge